Citation Nr: 1532769 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-01 583 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to an initial rating in excess of 20 percent for right knee disability. 


REPRESENTATION

Veteran represented by: New York State Division of Veterans' Affairs


ATTORNEY FOR THE BOARD

A. Bordewyk, Counsel



INTRODUCTION

The Veteran served on active duty from May 1978 to May 1981. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York, which, in pertinent part, granted service connection for right knee condition, with a 20 percent rating assigned, effective July 28, 2008. 

The Veteran failed to report for a hearing before the Board scheduled for May 2012 without good cause. His hearing request is, therefore, considered withdrawn. 

The claim was remanded in August 2014 for additional development. Unfortunately, the requested development has not been adequately completed and the claim must be remanded again. Accordingly, the appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although the Board regrets further delay, additional development is necessary to properly evaluate the Veteran's service-connected right knee disability, as the most recent VA examination conducted in January 2015 pursuant to the August 2014 Board remand is inadequate. 

When evaluating joint disabilities rated on the basis of limitation of motion, VA must consider granting a higher rating in cases in which there is functional loss due to certain factors which are not contemplated in the relevant rating criteria. See 38 C.F.R. §§ 4.40, 4.45, 4.59 (2014); DeLuca v. Brown, 8 Vet. App. 202, 204-7 (1995). 

The Court of Appeals for Veterans Claims as instructed that in applying these regulations, VA should obtain examinations in which the examiner determines whether the disability is manifested by weakened movement, excess fatigability, incoordination, pain, or flare-ups. Such inquiry is not to be limited to muscles or nerves. These determinations are, if feasible, to be expressed in terms of the degree of additional range-of-motion loss due to any weakened movement, excess fatigability, incoordination, flare-ups, or pain. The examiner should also determine the point, if any, at which such factors cause functional impairment. Mitchell v. Shinseki, 25 Vet. App. 32 (2011); DeLuca v. Brown, 8 Vet. App. 202 (1995); see also Johnston v. Brown, 10 Vet. App. 80, 84-5 (1997); 38 C.F.R. § 4.59 (2014). 

The January 2015 VA examiner noted the Veteran's reports of pain on right knee flexion, but did not provide the point at which pain began in the examination report. Furthermore, the examiner noted the Veteran's reports of flare-ups, particularly when walking, as well as other functional factors such as pain, but did not comment on the impact, if any, of such functional factors on range of motion. Instead, the examiner only stated that such information could not be provided without resort to speculation, and provided no supporting rationale. Finally, following a notation in the examination report explaining the importance of addressing functional limitations of the right knee, the examiner simply stated that the Veteran's disability level was moderate. 

Given the above-cited inadequacies, the Board finds that a new examination is warranted, and such examination should include additional information regarding the functional impact of flare-ups and pain on range of motion. The Board recognizes that this may require some degree of conjecture on the examiner's part; however, it is necessary in order to properly evaluate this disability. 

Furthermore, the Board advises that an examiner must provide a rationale for saying that an opinion could not be provided without resort to speculation, and should provide a statement as to whether there is additional evidence that could enable an opinion to be provided. Jones v. Shinseki, 23 Vet. App. 382 (2010). 

Additionally, all outstanding records of ongoing VA treatment, including those beginning September 2014, the last record associated with the claim, must be obtained on remand. 
Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding VA medical records, including those created beginning September 2014, and associate them with the paper or virtual claims file. All efforts to obtain these records must be documented in the claims file. Such efforts should continue until they are obtained, it is reasonably certain that they do not exist, or that further efforts would be futile.

2. Once the above-requested development has been completed, the Veteran should be afforded a VA examination with a qualified physician to determine the current severity of the service-connected right knee disability. The examiner should review the virtual claims folder, including a copy of this remand, and should note such review in the examination report or an addendum. All indicated testing should be conducted.

The examiner should report the range of motion of the right knee in degrees. The examiner should report whether there is objective evidence of pain on motion, weakness, excess fatigability, and/or incoordination associated with the disability. If pain on motion is observed, the examiner should indicate the point at which pain begins. Furthermore, any additional loss of motion or function (decreased or abnormal excursion, strength, speed, coordination, or endurance) with repetitive movement must be noted. 

The examiner shall inquire as to periods of flare-up, and note the frequency and duration of any such flare-ups. 

The examiner must equate all functional losses due to pain, incoordination, fatigue, weakness, and flare-ups, etc., to additional loss of motion (beyond what was shown on clinical examination). In other words, all functional deficits should be described by equating the collective effect of those deficits to a level of disability contemplated by a certain limitation of motion, even though such limited motion is not shown on the examination. The Board recognizes that this may require some degree of conjecture on the examiner's part; however, it is necessary in order to properly evaluate this disability. 

If any neurologic impairment resulting from the right knee disability is found, the examiner should identify the nerve impaired, or seemingly impaired, and indicate whether there is complete or partial paralysis, neuralgia, or neuritis; and whether any partial paralysis, neuritis or neuralgia is mild, moderate, moderately severe, or severe. If there is neurologic impairment of the extremities that is not related to the service-connected disability, the examiner should so report. 

Finally, the examiner address any impact of the right knee disability on the Veteran's industrial activities.

3. After completion of all requested and necessary development, review the record in light of the new evidence obtained. If any benefit for which there is a perfected appeal remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case. Once they are afforded an opportunity to respond, the claim should be returned to the Board for appellate review.
The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).